IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,        :

                      :

     v.              :     I.D. No.:  1109005393

                      :

JESSE R. LONGFELLOW,    :

                      :

     Defendant.     :

## **ORDER**

1.     On January 24, 2012, Defendant Jesse Longfellow pled guilty to Robbery in the First Degree and Possession of a Deadly Weapon During the Commission of a Felony ("PDWDCF").[1]  The Court sentenced Mr. Longfellow to 31 years at supervision level V, suspended after 30 years at supervision level V.[2]

2.     On June 2, 2025, Mr. Longfellow filed a Motion for Correction of Illegal Sentence under Rule 35(a), arguing that he is due sentencing relief under Erlinger v. United States.[3]  Mr. Longfellow contends that his sentence must be corrected because: (1) all facts relating to a defendant's sentence must be presented to a jury; and (2) his sentence constitutes an illegally enhanced sentence.[4]

---

[1] State v. Jesse R. Longfellow, Crim. I.D. No. 1109005393, Docket Item (D.I.) 12.

[2] Id.

[3] D.I. 71, citing Erlinger v. United States, 602 U.S. 921 (2024).

[4] Mot. for Correction of Illegal Sentence, D.I. 71 at 3-5.

1

3.      A review of the chronology of Mr. Longfellow's sentencing – and his sentence itself – reveals his motion lacks merit.  Mr. Longfellow negotiated a plea agreement with the State.  As part of that agreement, the State assented not to file a petition to declare Mr. Longfellow a habitual offender.[5]  Instead, the State and Mr. Longfellow jointly recommended a sentence of 31 years at level V, suspended after 30 years at level V.[6]

4.      The sentencing judge conducted a plea colloquy with Mr. Longfellow. As part of that colloquy, the sentencing judge informed Mr. Longfellow of the minimum mandatory sentences attached to the charges to which he pled, as well as the potential maximum penalty the Court could impose if it accepted his guilty plea.[7] No sentencing enhancement was applied at any time by the sentencing judge.  The sentencing judge imposed the sentence recommended by the parties.[8]

5.      By entering a guilty plea, Mr. Longfellow relieved the State of its evidentiary burden to prove the charges against him beyond a reasonable doubt.[9]  As

---

[5] Tr. of Mr. Longfellow's Plea Colloquy, D.I. 20 at 2-3 (Jan. 24, 2012).

[6] Id. at 2.

[7] Id. at 6.

[8] Id. at 9-10.

[9] Hopkins v. State, 309 A.3d 423 (Del. 2023) (TABLE).

2

Mr. Longfellow's sentence was not subject to any enhancements, there were no facts affecting his sentence remaining to be presented to a jury.[10]

6. Moreover, because Mr. Longfellow's sentence was not enhanced in any way, it could not possibly be "illegally enhanced." Mr. Longfellow received a sentence that fell within the standard statutory range for each offense to which he pled guilty. That Mr. Longfellow agreed to that sentence as part of a plea deal to *avoid* the State seeking a sentencing enhancement further highlights that Mr. Longfellow did not receive an enhanced sentence.

7. Mr. Longfellow has failed to demonstrate any illegality affecting his sentence. He has also failed to demonstrate Erlinger has any applicability to his sentence. Accordingly, his motion under Rule 35(a) is **DENIED**. As Mr. Longfellow's motion lacks merit, his request to have counsel appointed to prosecute his motion is **DENIED**.

**IT IS SO ORDERED this 27th day of June, 2025.**

_____
Reneta L. Green-Streett, Judge

RLG/ds
oc:   Prothonotary
cc:   Jesse Longfellow
      Department of Justice
      Office of Conflict Counsel
      File

---

[10] See Phillips, v. State, 2025 WL 1693652, at *2 (Del. June 16, 2025) (TABLE) (noting that Erlinger requires "a unanimous jury must determine beyond a reasonable doubt whether a defendant's prior offenses were committed on separate occasions for sentencing enhancements under the Armed Career Criminal Act.").